UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IN RE:
KATALIN KOZMA,

    Debtor.
_____/

KATALIN KOZMA,

    Appellant,

v.

DEUTSCHE BANK TRUST
COMPANY AMERICAS,

    Appellee.
_____/

Case No. 8:22-cv-1107-TPB
Bankr. No. 8:21-bk-4795-CPM

## ORDER AFFIRMING BANKRUPTCY COURT'S ORDER DISMISSING CASE

This matter is before the Court on the pro se appeal of Appellant Katalin Kozma from the bankruptcy court's May 2, 2022, order dismissing her case. The appeal is fully briefed. After reviewing the parties' briefs, the court file, and the record, the court finds as follows:

### Background

In this appeal Kozma, the debtor in a Chapter 11 bankruptcy proceeding, argues the bankruptcy court erred in dismissing her case. The bankruptcy court dismissed the case for two reasons. First, Kozma represented to the court that the debtor was not Kozma herself, but a "constructive trust," which was ineligible to be a Chapter 11 debtor. Second, the court found there was no reasonable possibility

that a Chapter 11 reorganization could succeed given Kozma's lack of assets or income and the size of the secured debt held by Appellee Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-Q01's (the "Bank"), a debt confirmed by a final state court judgment.

***State Court Foreclosure Proceedings***

The Bank filed suit in 2017 against Kozma in the circuit court for Sarasota County, Case No. 2017-000935.  The Bank's suit sought to foreclose a mortgage on Kozma's residence located at 1240 Solitude Lane in Sarasota, Florida.  After a bench trial on May 14 and 15, 2019, the state circuit court entered a final judgment finding that the Bank was due $1,183,117.92 with accruing interest, and that the Bank's lien on Kozma's residence was superior to the claims or estates of Kozma and the other defendants named in that suit.  The judgment decreed that, absent payment, the property would be sold at auction to the highest bidder on December 11, 2019.

Kozma appealed the final judgment, and the foreclosure sale was cancelled. Florida's Second District Court of Appeal affirmed the foreclosure judgment in April 2021.  *See Kozma v. Deutsche Bank Tr. Co. Americas as Tr. for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-CO1*, 321 So. 3d 747 (Fla. 2d DCA 2021).  The state court rescheduled the foreclosure sale.

*Bankruptcy Court Proceedings*

On September 20, 2021, Kozma filed a Chapter 13 bankruptcy petition, which the bankruptcy court with Kozma's consent thereafter converted to a Chapter 11 proceeding. The Bank filed a proof of claim as a secured creditor, based on the same note and mortgage on Kozma's residence that formed the basis for the Bank's state court foreclosure suit against Kozma.

The Bank moved to dismiss the bankruptcy case, arguing among other grounds that Kozma had no likelihood of a successful organization under 11 U.S.C. § 1112(b)(4)(A). The Bank's proof of claim asserted a secured claim of $1,357,688.46 on the property that served as Kozma's principal residence, and the schedules Kozma filed listed only $3500 in monthly income, derived from renting the guest house on the property encumbered by the Bank's mortgage, with $860 in expenses excluding mortgage, tax, and insurance payments with respect to the property. Kozma has no other source of income and owns no other assets of value. Therefore, the Bank argued, there is no likelihood of a successful reorganization within any reasonable period of time.

Following the Bank's filing its motion, Kozma filed a notice regarding the "KATALIN KOZMA LIVING ESTATE TRUST," purportedly established or at least documented by a trust instrument executed on July 23, 2021, with Kozma as both settler and trustee.[1] She then filed an objection to the Bank's proof of claim and a

---

[1] The notice contained incomprehensible and irrelevant verbiage reminiscent of court filings by so-called "sovereign citizens," referring to Florida as "a non-military occupied private area, 'non-domestic', without the municipal military 'United States', and further acknowledged and protected by international law Article 23 of the Treaty Convention of the Hague of 1907 amended Ratified by the President of the United States February 23, 1909."

response to the Bank's motion to dismiss, as well as an adversary proceeding. In these various filings she contended, contrary to the basis for the state court foreclosure judgment, that the Bank had no interest in the note and mortgage and lacked standing to assert its claim.

In her response to the motion to dismiss, Kozma also expressly asserted that she was not the debtor, and the debtor was instead the "KATALIN KOZMA LIVING ESTATE TRUST," which she described as a "constructive trust:"

> The motion [to dismiss] . . . makes an assertion and presumption that Katalin Kozma is a "Debtor." Katalin Kozma denies this assertion and presumption and states that KATALIN KOZMA a constructive trust is a debtor.

The bankruptcy court held a hearing on the Bank's motion to dismiss on April 7, 2022. At the hearing, the court noted that given the size of the secured debt held by the Bank as evidenced by the state court judgment in comparison to Kozma's assets and income, there was no hope for reorganization. The court also emphasized it could not overturn the state court judgment (which would be required to eliminate the large, secured debt held by the Bank). Responding to the court's questions, Kozma at one point denied she was seeking to "overturn" the state court judgment, but also indicated that she disagreed with that judgment, that the disagreement was the basis for her adversary proceeding, and that her position was that the Bank's claim was fraudulent.

---

Similarly, Kozma's objection to the Bank's proof of claim and response to the motion to dismiss referred to Kozma as "a friend of the court . . . a Cestui Que, Private civilian, noncombatant, non-belligerent fully capacitated in the sense of being an adult and of sound mind . . . found on the soil of Florida state . . . ."

Counsel for the United States Trustee also noted that Kozma had made it "very clear in [her pleading] . . . and motion to dismiss" that she as an individual was not the debtor and "Katalin Kozma a constructive trust" was the debtor. The U.S. Trustee noted that if this was true then "Katalin Kozma the individual never filed for bankruptcy." Furthermore, her filing for bankruptcy as a trust created two problems: a non-business trust cannot file for bankruptcy and in any event would have to be represented by an attorney, rather than by Kozma, a non-lawyer. The bankruptcy court agreed with this point, as well, telling Kozma, "in your own words, you have pointed us to a different entity being the debtor. And so you are bound by those words."

The court therefore concluded that the case should be dismissed. The order dismissing the case stated:

> At the hearing, the Court, determined that dismissal was appropriate under the circumstances of the case. Ms. Kozma has stated under penalty of perjury that she is not a debtor and that a constructive trust is a debtor. As such, Debtor does not qualify to be a chapter 11 Debtor (see 11 U.S.C. § 101(9)(A)(v), (41); Debtor does not have the economic viability to support a chapter 11 plan of reorganization; and the homestead property located at 1240 Solitude Ln., Sarasota, FL 34242 is not modifiable in a chapter 11 if the debtor is a human, and no homestead exemption may be claimed in bankruptcy by a non-individual. Therefore, for the reasons stated in open court, constituting this Court's findings and conclusions, good cause is found that this case should be dismissed.

The bankruptcy court therefore dismissed the bankruptcy case and Kozma's adversary proceeding.

## Standard of Review

The district court functions as an appellate court when reviewing final judgments and certain interlocutory orders and decrees of the bankruptcy court. *See In re Colortex Indus., Inc.*, 19 F.3d 1371, 1374 (11th Cir. 1994); 28 U.S.C. § 158(a). Dismissals for cause are reviewed for abuse of discretion. *In re Piazza*, 719 F.3d 1253, 1271 (11th Cir. 2013). "Legal conclusions of the bankruptcy court are reviewed *de novo*, and findings of fact are reviewed for clear error." *Bunyan v. Remick*, 8:18-cv-1519-T-36, 2019 WL 4805428, at *2 (M.D. Fla. Oct. 1, 2019) (citing *In re Globe Mfg. Corp.*, 567 F.3d 1291, 1296 (11th Cir. 2009)). "[T]he reviewing court may affirm the Bankruptcy Court's decision on any basis supported by the record." *In re Ford*, No. 8:19-cv-02724-MSS, 2020 WL 13349093, at *4 (M.D. Fla. Aug. 3, 2020) (quoting *In re Raymond & Assoc., LLC*, No. CV 19-01086-KD-MU, 2020 WL 3073005, at * 4 (S.D. Ala. June 10, 2020)).

## Analysis

The Bankruptcy Code provides for dismissal of a Chapter 11 proceeding "for cause." *See, e.g.*, *In re Daughtrey*, 896 F.3d 1255, 1275 (11th Cir. 2018); 11 U.S.C. § 1112(b)(1). The Code provides a non-exhaustive list of grounds that constitute cause, including "substantial or continuing loss to or diminution of the estate and the absence of a reasonable likelihood of rehabilitation." 11 U.S.C. § 1112(b)(4)(A). The bankruptcy court dismissed Kozma's case for two reasons, which the Court addresses in turn.

*The "Constructive Trust"*

Kozma asserted in her response to the Bank's motion to dismiss that the debtor in this case was not Kozma individually, but a "constructive trust" known as the KATALIN KOZMA LIVING ESTATE TRUST. The bankruptcy court explained to Kozma at the hearing on the Bank's motion that a trust could not be a Chapter 11 debtor, but Kozma did not retreat from her assertion or seek to modify it or explain it. Because there was no evidence or argument presented by Kozma that the "constructive trust" was a business trust, and under 11 U.S.C. §§ 101(9)(A)(v), 101(41), and 109(a), a non-business trust cannot be a Chapter 11 debtor, *see, e.g.*, *In re St. Augustine Tr.*, 109 B.R. 494, 495-96, (Bankr. M.D. Fla. 1990), the bankruptcy court dismissed the case for cause.

On appeal, Kozma does not retreat from the notion that the debtor is a trust, nor does she respond to the U.S. Trustee's arguments that the only trusts eligible to be debtors in bankruptcy proceedings are business trusts. Yet she points to no evidence and offers no argument showing the KATALIN KOZMA LIVING ESTATE TRUST was created to carry on "some kind of business or commercial activity for profit," as required for a business trust. *See In re Treasure Island Land Tr.*, 2 B.R. 332, 334 (Bankr. M.D. Fla. 1980).

She appears to argue instead that the purported "constructive trust" was created by operation of law when she filed the bankruptcy case, suggesting that the "business" of the trust consists of the bankruptcy proceedings themselves, with the bankruptcy court providing "centralized management." Kozma, however, offers no authority supporting an argument based on either version of "constructive trust"

that the KATALIN KOZMA LIVING ESTATE TRUST is a business trust or other entity capable of being a debtor in a Chapter 11 case.

It bears note that Kozma filed her bankruptcy petitions on a form titled "Voluntary Petition for Individuals Filing for Bankruptcy," listed "Katalin Kozma" as "Debtor," and signed those forms simply as "Katalin Kozma." It is unclear what Kozma intended to achieve by interjecting the notion that a purported trust, rather than Kozma individually, was the debtor. Regardless, the bankruptcy court was justified in taking Kozma at her word, particularly given that she did not retreat from her position at the hearing, even after the court explained the consequences to her. The bankruptcy court acted within its discretion in dismissing the case on this ground. *See In re St. Augustine Tr.*, 109 B.R. at 495-96 (dismissing case where debtor was a family trust rather than a business trust).

### *Economic Viability*

The bankruptcy court correctly dismissed the case on another ground as well. The Bank's proof of claim and Kozma's schedules reflect a secured claim of $1,357,688.46 and a monthly income of only $3500. As the bankruptcy court observed in its dismissal order, Kozma is prohibited from modifying the Bank's claim in any Chapter 11 plan, because it is secured by a mortgage on her principal residence. *See* 11 U.S.C. § 1123(b)(5) (providing that plan may modify the rights of secured claimholders, but not claims secured by a security interest in real property that is the debtor's principal residence). Given the Bank's secured debt, there was no basis to believe any plan of reorganization would be viable, and Kozma offered none at the hearing on the Bank's motion to dismiss.

Kozma instead asked the bankruptcy court to rule on her objection to the Bank's proof of claim, which argued the Bank had no valid assignment and lacked standing to assert any claim under the note and mortgage on Kozma's residence. Kozma's argument regarding the Bank's claim was manifestly intended to suggest that the court disregard the Bank's secured claim in assessing the viability of reorganization. However, the state court's final judgment in the Bank's foreclosure suit determined that Kozma owed the Bank more than $1.18 million with accruing interest under the note, and the Bank's mortgage lien on Kozma's residence was superior to any claim or estate of Kozma. As the bankruptcy recognized at the hearing, the court was required to give that judgment effect. In that regard, the court cited *In Re: Ohlsson v. U.S. Bank Nat'l Assoc*, 565 F. Supp. 3d 1235 (M.D. Fla. 2021), *aff'd*, No. 21-13936, 2020 WL 16985512 (11th Cir. 2022). *Ohlsson* dismissed an adversary proceeding under the *Rooker-Feldman* doctrine where the proceeding challenged a bank's standing to assert a claim based on a mortgage despite a state court judgment declaring the bank's lien for the amount owed superior to "all claims or estates" of the debtor, just as the state court judgment did with respect to the Bank's lien in this case.

*Rooker-Feldman* applies to claims "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Behr v. Campbell*, 8 F.4th 1206, 1210 (11th Cir. 2021) (quoting *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Kozma denied below that she was seeking to overturn the state court foreclosure judgment, and

argues on appeal that *Rooker-Feldman* therefore does not apply. But the *Rooker-Feldman* doctrine "does not prioritize form over substance. It bars all appeals of state court judgments—whether the plaintiff admits to filing a direct appeal of the judgment or tries to call the appeal something else." *Behr*, 8 F.4th at 1211. Accordingly, the application of *Rooker-Feldman* was not precluded simply because Kozma did not expressly frame her challenge to the Bank's claim as seeking review of the state court judgment. Confirming a plan of reorganization under which Kozma would be allowed to disregard the Bank's secured claim, on the ground that the Bank had no rights under the note and its mortgage on Kozma's property, would have the effect of overturning the final judgment rendered by the state court. Whether under *Rooker-Feldman* or principles of full faith and credit, res judicata, and/or collateral estoppel, the bankruptcy court acted properly in rejecting Kozma's challenge to the Bank's claim and giving effect to the state court judgment. *See Rohe v. Wells Fargo Bank, NA*, No. 21-10561, 2022 WL 17752372 (11th Cir. Dec. 19, 2022) (debtor's challenge to bank's claim was barred by res judicata based on state court foreclosure judgment); *In re Zoernack*, 289 B.R. 220 (Bankr. M.D. Fla. 2003) (rejecting debtor's challenges to charging lien based on collateral estoppel, res judicata, and *Rooker-Feldman*).

Finally, Kozma argues that the bank violated principles of due process by dismissing the case before she had the opportunity to file her plan and be heard on it. The Bank's motion to dismiss, however, argued there was no hope of rehabilitation. Kozma filed a written response, and the court held a hearing on that motion. As for the inability of a "constructive trust" to qualify as a Chapter 11

debtor, Kozma herself injected this issue in her response to the Bank's motion to dismiss, and was given the opportunity to address the issue at the hearing. Kozma therefore has no legitimate complaint based on lack of notice or hearing.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. The bankruptcy court's "Order Granting Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2007-Q01's Motion to Dismiss" (Doc. 6-2) is **AFFIRMED**.

2. The Clerk is directed to transmit a copy of this Order to the bankruptcy court, and thereafter close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 30th day of September, 2023.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**